

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 7, 1977

Honorable Homer R. Taylor
County Attorney
Wharton County
304 Courthouse Building
Wharton, Texas 77488

Opinion No. H-1011

Re: Authority of county
commissioners court to make
and enforce building ordi-
nances in compliance with
National Flood Insurance Act.

Dear Mr. Taylor:

You have asked our opinion whether a county's commis-
sioners court presently has authority to make and enforce
building ordinances in compliance with the National Flood
Insurance Act of 1968, as amended and expanded by the Flood
Disaster Protection Act of 1973, 42 U.S.C. §§ 4001 - 4128.
The authority for a commissioners court to promulgate land
use regulations in flood-prone areas in conformity with the
Federal Act is derived from article 8280-13, V.T.C.S. See
Attorney General Opinion H-978 (1977). Article 8280-13 was
enacted by the Legislature in 1969, at its first session
after the National Flood Insurance Act made available federally
subsidized flood insurance. Such insurance is offered only
to residents of areas where an appropriate public body has
adopted land use and control measures consistent with com-
prehensive criteria promulgated by the Secretary of Housing
and Urban Development.

Section 2 of article 8280-13 states the purpose of that
article as

> to evidence a positive interest in
> securing flood insurance coverage
> under this Federal program, and to
> so procure for those citizens of
> Texas desiring to participate. . . .

Political subdivisions are authorized to take

> all necessary and reasonable actions
> to comply with the requirements and
> criteria of the National Flood Insur-
> ance Program. . . .

Id. § 5. Section 8280-13 further provides:

> Political subdivisions which qualify
> for the National Flood Insurance Pro-
> gram . . . may adopt and promulgate
> reasonable rules and regulations which
> are necessary for the orderly effectua-
> tion of the respective authorizations
> herein.

Id. § 8 (emphasis added). Political subdivisions wishing to qualify for the benefits of the National Flood Insurance Program were authorized to do so "by June 30, 1970." Id. § 9.

We have previously referred to article 8280-13 as a "limited grant of authority." Attorney General Opinion H-978 (1977) at 3. We further expressed our view in Opinion H-978 that,

> The regulations so enacted must have
> as their purpose and effect compliance
> with the requirements and criteria
> promulgated pursuant to the National
> Flood Insurance Program.

Id. at 2. Such regulations "have no application" unless made pursuant to the requirements or criteria of the Federal Act. Id. at 3.

We believe, therefore, that a county has no present autho-rity to enact land use regulations for flood-prone areas under article 8280-13 unless it qualified for participation in the National Flood Insurance Program by June 30, 1970. Article 8280-13 authorized counties to qualify by that date, and carried no continuing authorization for counties to qualify later. Counties that did qualify for the federal insurance program by June 30, 1970, have continuing authority, pur-suant to sections 5 and 8 of article 8280-13, to enact measures necessary to comply with federal regulations pro-mulgated under the National Flood Insurance Program.

### S U M M A R Y

A county has no present authority to enact
land use regulations for flood-prone areas
under article 8280-13, V.T.C.S., unless it
qualified for participation in the National
Flood Insurance Program by June 30, 1970.
Counties that did qualify for the federal
insurance program by that date have continuing
authority to enact measures insofar as they
are necessary to comply with federal regula-
tions promulgated pursuant to the National
Flood Insurance Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw